PER CURIAM:
The claimant brought this action for damage to his vehicle which occurred when it encountered a rock highwall on W.Va. Route 10, a road maintained by the respondent in Logan County. The Court is constrained by the evidence and must deny the claim as stated more fully below.
The incident giving rise to this claim occurred on November 17, 1996, at approximately 9 a.m. The claimant and his wife were driving their 1979 Ford pick-up truck northbound on W.Va. Route 10 towards Logan near an area known as “Hanging Rock”. They were driving approximately 30 miles per hour and were hauling a 17-foot camper trailer on the back of the truck. Route 10 in this area is a narrow, winding, two-lane paved road with numerous turns and frequent coal truck traffic. The claimant was driving in an area where the road passes beneath a vertical rock cliff with little or no berm. Claimant was familiar with this road and traveled it frequently. He was also aware that trucks traveled the road. The evidence adduced at hearing was that as the claimant proceeded around a curve he was forced to steer to the right to avoid oncoming traffic. At this point the top portion of the camper struck the edge of the rock cliff,, caving in the right front corner of the camper. The claimant testified that the 1977 camper could not be repaired due to lack of replacement parts. The claimant carried liability insurance only. He had bought the camper in 1994 for $1,000.00 and spent approximately $3,800.00 reconditioning it prior to this accident.
The claimant introduced several photographs of the road and rock cliff, which clearly establish that Route 10 is unusually narrow and winding due to the mountainous topography of the region. The rock cliff in question is extremely close to the edge of the road and there is little or no margin for error. The claimant testified that he measured the width of the road and that the northbound lane was nine feet wide and the southbound lane was just under ten feet wide. The claimant’s position was that the rock cliff overhung into the traveled portion of the road and that the respondent therefore should be held liable for damage to his trailer. The respondent’s position was that it had no actual or constructive notice of an ongoing road hazard in the area, and that a reasonably prudent motorist can navigate the road safely.
It is well established that the state is neither an insurer nor guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). The Court further notes that narrow roads such as W.Va. Route 10, with steep cliffs and highwalls are a common occurrence in West Virginia. The Court has carefully reviewed the testimony and the photographs. While the cliff in question is extremely close to the traveled portion of the road, the Court finds that this condition is due to the unusually mountainous terrain of this region. The *98 Court is of the opinion that this accident was the result of unique circumstances wherein the claimant was forced to steer to the right while hauling a long trailer along an unusually narrow and winding road. While sympathetic to the claimant’s position, the Court is unable to justify an award under these circumstances.
In accordance with the findings of fact as stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.